IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CARLOS WAYNE TOOMBS, | § | |
| | § | |
| Plaintiff, | § | 2:22-CV-185-Z-BR |
| | § | |
| v. | § | |
| | § | |
| TDCJ RECORDS KEEPER FOR THE | § | |
| INMATE TRUST FUND, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Plaintiff Carlos Wayne Toombs brings this action seeking a writ of mandamus for reimbursement of money he alleges was wrongfully garnished from his inmate trust fund account. (ECF 3). The undersigned issues these findings, conclusions, and recommendation to dismiss pursuant to the case screening authorized by 28 U.S.C. § 1915A. *See Clervrain v. Coraway*, 786 Fed. App'x 1, 3 (5th Cir. 2019) (allowing district courts to dismiss cases filed by plaintiffs on §1915A grounds without allowing them to amend where plaintiffs have had the opportunity to state their 'best case.') (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).

Mandamus "is an extraordinary remedy for extraordinary causes." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc). Federal courts may issue a writ of mandamus only if "(1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the circumstances." *In re United States ex rel. Drummond*, 886 F.3d 449, 449–50 (5th Cir. 2018) (quotation marks and citations omitted). This is a high bar.

The undersigned is of the view that mandamus is not the appropriate relief in this matter. Notably, Plaintiff's COVID-19 relief funds qualify as "substantial resources from any source" and do not qualify for any exemptions from garnishment. 18 U.S.C. § 3664(n); *see also* 18 U.S.C. § 3613(a). Plaintiff is incorrect that the garnishment of money from his inmate trust fund account is illegal or a violation of his rights. (ECF 3 at 1); *see* 18 U.S.C. § 3664(n); *see also* 18 U.S.C. § 3613(a). The COVID-19 relief funds allegedly garnished from Plaintiff's inmate trust fund account are not exempt from garnishment to pay costs or restitution awards. *See United States v. Chi*, 2023 U.S. App. LEXIS 14018 (5th Cir. June 6, 2023) ("Because the stimulus payment constituted 'substantial resources from any source' and did not qualify for any exemptions to tax levy, federal and state law permitted the district court's turnover order."); *see also United States v. Stark*, 56 F.4th 1039, 1040-41 (5th Cir. 2023) (per curiam) ("Stark maintains that the stimulus payment was exempt from levy and could not be used to satisfy restitution. Section 3613(a) refers to a certain portion of the Internal Revenue Code that sets out property that is exempt from levy. A stimulus payment does not qualify for those exemptions.") (internal citations omitted). Accordingly, Plaintiff's COVID-19 relief funds can be properly garnished from his inmate trust fund account to pay costs or restitution awards.

Even if given the opportunity to amend his petition, Plaintiff will be unable to establish a cognizable legal claim or remedy. Simply put, the relief that Plaintiff seeks has no basis in the law and thus should not progress forward. Even if Plaintiff's allegation that $1,539.76 has been garnished from his account are true, the law does not protect the funds in his inmate account from being garnished.[1] Plaintiff has not demonstrated a right to the issuance of a writ.

---

[1] The undersigned has reviewed the Authenticated TDCJ Records. (ECF 10). There is only one page in the records that may be relevant to Plaintiff's claim, the document is entitled "Texas Department of Corrections Inmate Banking – Transaction History." While it is difficult to decipher, it appears a majority of the transactions were possibly at the commissary, noted on the document as "CM" under the location column. The "CM" transactions account for $1,084.90

2

For these reasons, the undersigned finds that a writ of mandamus is not appropriate in this matter. The undersigned additionally finds that further amendments by Plaintiff in pursuit of a writ would be futile. Accordingly, the case should be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Mandamus, (ECF 3), be dismissed with prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 19, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

of the total. Otherwise, there is one (1) transaction with the Texas Comptroller, one (1) transaction with UTMB (presumably a medical related charge), and six (6) transactions for $0.00. The total value of all the transactions on the Transaction History document, dating back to January 13, 2022, is $1,297.47.

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).